**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-2206**

———————————

AMAH DEGNE URVILA GOROU,

        Petitioner,

    v.

MICHAEL B. MUKASEY, Attorney General,

        Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————————

Submitted:  June 13, 2008        Decided:  July 22, 2008

———————————

Before WILKINSON, MICHAEL, and GREGORY, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Robert Carpenter, CARPENTER & CAPT, CHARTERED, Chicago, Illinois, for Petitioner.  Gregory G. Katsas, Acting Assistant Attorney General, Richard M. Evans, Assistant Director, Nancy E. Friedman, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amah Degne Urvila Gorou, a native and citizen of Cote d'Ivoire (the Ivory Coast), filed a petition for review of the Board of Immigration Appeals' ("Board") order dismissing her appeal from the immigration judge's order denying her applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). Gorou abandoned her challenge to the denial of her asylum application. We deny the petition for review.

The Immigration and Naturalization Act ("INA") requires the Attorney General to withhold removal of an alien if the Attorney General determines "that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A) (2000). To establish eligibility for withholding of removal, an alien must show a clear probability that, if she was removed to her native country, her "life or freedom would be threatened" on a protected ground. Id.; see Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). "The burden of proof is on the applicant for withholding of removal . . . to establish that his or her life or freedom would be threatened in the proposed country of removal" on account of a protected ground. 8 C.F.R. § 1208.16(b) (2008). A determination regarding eligibility for withholding of removal is affirmed if

supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C.A. § 1252(b)(4)(B) (West 2005). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

We find substantial evidence supports the Board's finding that Gorou failed to address the credibility problem with respect to the date and manner in which she arrived in the United States raised by her party membership card. The evidence showing that she arrived earlier than what her testimony suggested calls into question the remainder of her testimony and letters written in support of her application. The record does not compel a different result. Accordingly, we will not disturb the Board's denial of her application for withholding from removal.

We also find because of the adverse credibility finding and Gorou's lack of objective evidence supporting her claim that it is more likely than not she will be tortured, the Board did not err in denying her relief under the CAT.

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately

- 3 -

presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED